Pearson, J.
 

 The first ground taken is, that, by the plaintiff’s own showing, the acts were done by him with a full knowledge of all the facts ; and the whole ground for relief is, that he acted in ignorance of the law.
 

 Admitting the bill to be liable to this objection, it may be gravely questioned, whether advantage can be taken of it by
 
 demurrer.
 
 The-maxim,
 
 “ignorantia legis,” <$-c., is
 
 founded upon the presumption, that every one, competent to act for himself, knows the law. It is necessary for-the
 
 *352
 
 Courts, whether in reference to civil or criminal matters,''' to act upon this presumption, however wide
 
 of the
 
 mark it may be in many cases; for, in the language of Lord E-luenborougii, “otherwise there is no saying, to what extent the excuse of ignorance might not be carried and» there would be much embarrassing litigation, and no small danger of injustice
 
 from the
 
 nature and difficulty of the proper proofs. 1
 
 Story’s Eq.
 
 123.
 

 But while on the one hand, whether a party knows the law, is not left as an open question for enquiry, as it is¡>whether he knows of the existence of a fact; on the other, the presumption that be knows it is not conclusive, but may be rebutted. For instance, if there be an intention! to pass a freehold estate, and the vendee accepts a deed of feoffment, without livery, he will be relieved upon the ground, that he was under a mistake as to the law ; for,, the intention being clear, the failure to effect; it makes the mistake manifest, and rebuts the presumption.. So, in the case of
 
 McKay
 
 v.
 
 Simpson,
 
 decided at this term, re-fief was given, because of a mistake of law, as to the fo,rm of a transfer of Bank stock. It is different, however, when the intention is carried into effect, because, in such eases, there is nothing to rebut the- presumption, and the ignorance of the party can only be shown by going into proof, which is not admissible.
 

 As this presumption is not conclusive, it would seem to follow, that, if a defendant, by demurring, admits that the plaintiff was ignorant of the law, the Court must act upon the admission, and it may be, that such, would1 also be the case, when the answer makes the admission, so as to dispense with the necessity of any proof to rebut the presumption. That it is so in the case of a demurrer, is strongly sustained by the fact, that the learned and diligent counsel for the defendant has not been able to cite any case, in which the objection was taken by demurrer.
 

 
 *353
 
 We put our decision upon the ground, that the bill is not liable to the objection ; for, it does not appear, that the plaintiff had a full knowledge of all the facts. A fair 'construction of the bill leads to the conclusion, that the plaintiff was “ignorant of the extent of the “interest and
 
 title,
 
 which his wife had acquired, and to which he had succeeded by the marriage,” in consequence of his ignorance of the facts, as well as of the law, upon which his title was founded.
 

 The bill is hastily drawn. A confusion of ideas is introduced by the use of generalities, and sweeping expressions, than which nothing is more calculated to destory certainty, so much to be desired in all judicial proceedings. It does appear, however, that
 
 fourteen years
 
 intervened between the dissent and the marriage ; that during the life of his wife, the title of the plaintiff was not called in question; that she died a little over a year after the marriage ; and that, in a few days after her death, the defendants “claimed
 
 under the will
 
 an interest in all the estate and property of his wife at the time of the marriage, and, particularly, that they were entitled to the two negroes, Elias and Robert, and the rent of land from the time of the marriage.
 

 It is certain the parties knew the contents of the will. By it the land and the two negroes Elias and Robert wrere
 
 “lent”
 
 to the widow for her life or
 
 widowhood,
 
 Elias is surrendered ; Nancy is substituted for Robert, who had been sold ; and rent is exacted from the
 
 marriage,
 
 not the
 
 death
 
 of the widow.
 

 It is almost as certain, that the
 
 contents of the report
 
 of the jury were not known to the plaintiff, and possibly not to the defendants. In the absence of any admission, that the plaintiff knew the contents of the report, his being ignorant of the extent of his title must be ascribed to his want of information as to this fact, rather than to suppose he was so stupid, as not to know the difference
 
 *354
 
 between an estate for the life or widowhood of his wife, and the absolute estate. But if it is to be ascribed to both causes, this ground of demurrer fails.
 

 The next ground is, that by the plaintiff’s own showing, the instrument signed by the defendants, purporting to pass their interest in the rest of the property to the plaintiff, is void for want of a seal, and that no consideration, passed to make the transfer of the two slaves by the plaintiff to the defendants valid, as the instrument, signed by him, was not under seal, and, therefore, the plaintiff had a clear remedy at law.
 

 This objection is based upon a misapprehension of the plaintiff’s allegation. There is no allegation of a
 
 gift,
 
 which would not be valid without a deed The allegation is, that the transaction was made to assume the form of a
 
 'sale and delivery
 
 of the two slaves for a pretended consideration ; whereas, in fact, there was no consideration, and the pretence of one was the means used to effect the fraud and induce the plaintiff to deliver up his proper-, ty. This Court has concurrent jurisdiction in matters of fraud : and it would be a disgrace to any Court, having jurisdiction, to decline to exercise it, because the fraud is so palpable and gross, that, possibly, redress might be had in some other Court.
 

 The third ground is, that the fifty dollar note is under the jurisdiction of this Court. That is true, but, as the plaintiff has alleged an important equity, he is at liberty to add a small item, as it is connected with, and tends
 
 to
 
 elucidate, the main subject.
 

 The demurrer must be overruled with costs.
 

 The opinion and decree will be sent, together with the other papers, to the Court of Equity below, to which the cause is remanded. The cause was removed to this Court under an act of the last Legislature. There is no express provision as to what is to be done in a case like this. But it is a remedial statute, and by a liberal con
 
 *355
 
 struction, in connection with the other statutes, we infer, that it was the intention of the Legislature to have the cases sent back, to be further prosecuted in the Court below.
 

 Per Curiam.
 

 Ordered accordingly.